UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SPRT, LLC; and LIVESPORTS VIDEO, LLC

                           Plaintiffs,

                    v.                                    5:10-CV-809
                                                              (FJS/DEP)

B2 NETWORKS, INC a/k/a B2 TECHNOLOGIES, INC.,

                           Defendant.
_____

**APPEARANCES**                                  **OF COUNSEL**

**HARRIS BEACH PLLC**                    **JAMES R. MULDOON, ESQ.**
333 West Washington Street, Suite 200      **TED H. WILLIAMS, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiffs

**CHRISTIANSEN DAVIS BULLOCK LLC**    **BRIAN CASPER, ESQ.**
4100 Spring Valley Road, Suite 450         **JIM E. BULLOCK, ESQ.**
Dallas, Texas 75244
Attorneys for Defendant

**HISCOCK & BARCLAY, LLC**                **JOHN D. COOK, ESQ.**
One Park Place
300 South Slate Street
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge Peebles' September 1, 2011 Report and Recommendation as to the claim construction of the underlying patent infringement claim at issue in this action, *see* Dkt. No. 38, and Defendant's objections thereto, *see* Dkt. No. 39.

      Plaintiffs SPRT, LLC and LiveSportsVideo, LLC, an assignee and a licensee,

respectively, commenced this patent infringement action against Defendant B2 Networks, Inc on July 6, 2010.  *See* Dkt. No. 1.  In their complaint, Plaintiffs alleged that Defendant infringed on their patent involving a business model or system that allows users to access and view various minor sporting events that are typically unavailable through conventional channels.  *See generally id.*  Defendant denied infringement and counterclaimed seeking a declaratory judgment of non-infringement and patent invalidity.  *See generally* Dkt. No. 9.  The parties have agreed on the construction of a majority of the terms contained within the patent claims at issue, but a small number of claim terms remain in dispute.  In his Report and Recommendation, Magistrate Judge Peebles addressed the construction of those disputed terms.

On March 4, 2008, the U.S. Patent and Trademark Office ("USPTO") issued Patent No. 7,340,765 ("765 Patent"), which described a business model for promoting viewer access to certain sporting events that typically generate insufficient viewer interest to warrant professional productions and broadcasting.  The 765 Patent disclosed a "self-help" process in which "originating academic institution[s]" would capture and forward "minor-sport" athletic events to an internet-based "clearing house" designed to "send" and "transmit" broadcasts of these sporting events so as to make them available to subscribers.  The parties disagree about the intended meanings of the following claim terms: "minor-sport"; "self-help"; "originating academic institution"; "clearing house"; "send[ing]"; "submit[ting]"; "transmit[ting]"/"transmission"; and "video event[.]"

On April 29, 2011, Plaintiffs filed an opening claim construction brief in support of their proposed construction of the disputed claim terms, *see* Dkt. No. 28, and Defendant filed a response in support of its proposed construction, *see* Dkt. No. 30.  In a Report and

Recommendation dated September 1, 2011, Magistrate Judge Peebles recommended that this Court construe the claim terms in dispute as stated therein. *See* Dkt. No. 38 at 37-38. Defendant objected to Magistrate Judge Peebles' recommendations concerning certain disputed claim terms. *See* Dkt. No. 39.

Where a party makes specific objections to portions of a magistrate judge's report and recommendation, the court conducts a *de novo* review of those recommendations. *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). Where a party makes no objection or makes only general objections, however, the court reviews the report and recommendation for "clear error" only. *See Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quotation omitted). After conducting the appropriate review, a district court may decide to accept, reject, or modify those recommendations. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has conducted a *de novo* review of Magistrate Judge Peebles' Report and Recommendation in light of Defendant's specific objections. Having completed its review, the Court hereby

**ORDERS** that Magistrate Judge Peebles' September 1, 2011 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the claim terms shall be construed in the manner Magistrate Judge Peebles stated in his September 1, 2011 Report and Recommendation.

**IT IS SO ORDERED**.

Dated: March 30, 2012
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge